# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| **RED BRICK MANAGEMENT, LLC,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 4:22CV610 HEA |
| ) | |
| **JOHN MCKINSTRY, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Remand [Doc. No. 14]. Defendants filed a response in opposition. The matter is fully briefed and ready for disposition. For the reasons set forth below, the Court will grant the Plaintiff's Motion to Remand.

## Background

On May 3, 2022, Plaintiff Red Brick Management, LLC, filed this unlawful detainer action in the Circuit Court of the City of St. Louis, Missouri, against Defendants, regarding the possession of and recovery of rents for a property located at 1000 Geyer in St. Louis, Missouri (the "Geyer Property").

On June 5, 2022, Defendants filed an original action in this district against several parties, including Plaintiff, asserting various causes of action, including an unlawful detainer claim for the Geyer Property in Case Number 4:22-CV-00606 SEP (the "Original Action").

On June 6, 2022, Defendants removed the matter to this Court pursuant to 28 U.S.C. §§ 1443 and 1367 and filed a motion to consolidate this case into the Original Action, which is pending. On June 22, 2022, Defendants filed a motion to consolidate this case in the Original Action, which was denied by District Judge Sarah E. Pitlyk.

On July 6, 2022, Plaintiff filed the instant motion, alleging removal is improper under 28 U.S.C. §§ 1443 and 1367. In their response to the instant motion, Defendants rely on the Court's supplemental jurisdiction as the sole basis for removal of this case based on the allegations asserted in the Original Action.

On October 18, 2022, Judge Pitlyk dismissed the Original Action pursuant to Federal Rules Civil Procedure 12(b)(6), finding that based on the allegations in the Complaint, the federal claims alleged under the Fair Housing Act and Section 1983 do not state a claim upon which relief can be granted. Judge Pitlyk declined to exercise supplemental jurisdiction over the remaining state claims as no federal claims remained and those were best suited to be handled in state court.

## Legal Standard

"The district courts of the United States ... are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005) (internal quotations omitted). Federal district courts have original jurisdiction over "all civil

actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A civil action brought in state court may be removed to the proper district court if the district court has original jurisdiction of the action. 28 U.S.C. § 1441(a). A claim may be removed to federal court only if it could have been brought in federal court originally; thus, the diversity and amount in controversy requirements of 28 U.S.C. § 1332 must be met, or the claim must be based upon a federal question pursuant to 28 U.S.C. § 1331. *Peters v. Union Pac. R.R. Co.,* 80 F.3d 257, 260 (8th Cir. 1996). Whether a claim arises under federal law is determined by reference to the "well-pleaded complaint." *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn. LLC*, 843 F.3d 325, 329 (8th Cir. 2016). The well-pleaded complaint rule provides that jurisdiction exists only when a federal question is presented on the face of a plaintiff's properly pleaded complaint. *Markham v. Wertin*, 861 F.3d 748, 754 (8th Cir. 2017). *See also Thomas v. United Steelworkers Local 1938*, 743 F.3d 1134, 1139 (8th Cir. 2014) ("Under the well-pleaded complaint rule, a federal question must exist on the face of the plaintiff's properly pleaded complaint in order to establish federal question subject matter jurisdiction").

Section 1367(a) of Title 28 is a "broad grant of supplemental jurisdiction over other claims within the same case or controversy, as long as the action is one in which the district courts would have original jurisdiction." *Exxon Mobil Corp.,* 545 U.S. at 558. The party invoking jurisdiction bears the burden of proof that the

prerequisites to jurisdiction are satisfied. *Green v. Ameritide, Inc.,* 279 F.3d 590, 595 (8th Cir. 2002); *In re Bus. Men's Assurance Co.,* 992 F.2d 181, 183 (8th Cir. 1993). Removal statutes must be strictly construed because they impede upon states' rights to resolve controversies in their own courts. *Nichols v. Harbor Venture, Inc.,* 284 F.3d 857, 861 (8th Cir. 2002). A district court is required to resolve all doubts about federal jurisdiction in favor of remand. *Bates v. Mo. & N. Ark. R.R. Co.,* 548 F.3d 634, 638 (8th Cir. 2008); *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 619 (8th Cir. 2010) (citing *Wilkinson v. Shackelford*, 478 F.3d 957, 963 (8th Cir. 2007)).

## Discussion

This matter raises a single unlawful detainer claim, and no federal question appears on the face of the Petition. Under the "well-pleaded complaint rule," a case ordinarily is not removable on federal question grounds unless the federal question is presented on the face of the plaintiff's properly pleaded complaint. *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987). Defendants do not argue that the Court has original jurisdiction over the unlawful detainer state claim based upon a federal question pursuant to 28 U.S.C. § 1331.[1] Instead, Defendants improperly rely on the

---

[1] Defendants do not assert that the Court has diversity jurisdiction, and based on the Court's independent review, it does not appear diversity jurisdiction exists, both in terms of the citizenships of the parties and the amount in controversy. *See* 28 U.S.C. § 1332(a).

4

federal claims filed in the Original Action to provide supplemental jurisdiction as an independent basis for removal pursuant to 28 U.S.C. §§ 1443(1) and 1367.[2]

In order for the Court to exercise supplemental jurisdiction within the same case or controversy, the Court must have original jurisdiction over the action, which does not exist here. *Exxon Mobil Corp.*, 545 U.S. at 558. The Original Action alleged, inter alia, federal claims under the Fair Housing Act and Section 1983, and an unlawful detainer state claim for the Geyer Property. Judge Pitlyk dismissed the Original Action, finding that the federal claims alleged in the Complaint do not state a claim upon which relief can be granted. In order to remove under § 1443(1), the party must show reliance on a law providing for equal civil rights stated in terms of racial equality. *Neal v. Wilson*, 112 F.3d 351, 355 (8th Cir. 1997). "Removal is warranted only if it can be predicted by reference to a law of general application that the defendant will be denied or cannot enforce the specified federal rights in the state courts." *Georgia v. Rachel*, 384 U.S. 780, 800 (1966). Defendants have failed to make that showing here, as they have not plausibly alleged an inability to enforce a federal right in state court.

It appears Defendants removed this case, which the federal court lacks

---

[2] Defendants raise that removal was appropriate under the All Writs Act, 28 U.S.C. § 1651 for the first time in their response to the instant motion. However, the All Writs Act does not establish original jurisdiction in federal court and provides no basis for removal. *See, e.g., Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 31-33 (2002) ("Because the All Writs Act does not confer jurisdiction on the federal courts, it cannot confer the original jurisdiction required to support removal pursuant to § 1441.").

5

original jurisdiction over, with the hope that the case would be consolidated with the Original Action, which they thought the federal court did have original jurisdiction over. *See, e.g., King v. Gaffney,* No. 4:19-00464-CV-RK, 2019 WL 5598321, at *2-4 (W.D. Mo. Oct. 30, 2019). However, the Original Action was dismissed by Judge Pitlyk, and can no longer be used as a vehicle for Defendants' removal attempt.

## Conclusion

Defendants have not met their burden to establish jurisdiction in federal court. This Court does not have subject matter jurisdiction under 28 U.S.C. § 1331 and thus, cannot exercise supplemental jurisdiction an independent basis for removal over the sole state claim of unlawful detainer.  Therefore, the Court must remand the case.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand, [Doc. No. 14], is **GRANTED**.

A separate Order of Remand will accompany this Memorandum and Order.

Dated this 7th day of November, 2022.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE